NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

MIDWEST ZAYRE, INC., Respondent.

No. 78–1394.

United States Court of Appeals, Sixth Circuit.

Feb. 11, 1982.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., for petitioner.

Sidney S. Wolchok, Jon David Sherry, New York City, for respondent.

Before LIVELY and KEITH, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

## ORDER

This case is before the court on application by the National Labor Relations Board for enforcement of its supplemental order finding the respondent in violation of Section 8(a)(5) and (1) of the National Labor Relations Act by refusing to bargain with a local of the Retail Clerks International Association. The supplemental order of the Board is reported at 247 NLRB No. 39 (1980).

Following a union victory by a close margin in a representation election the respondent filed objections. The regional director conducted an investigation and overruled the objections without conducting a hearing. Exceptions to the regional director's report were overruled and the Board adopted the recommendations of the regional director and certified the union. When the company refused to bargain, unfair labor practice charges were filed and violations were found. See *Midwest Zayre, Inc.*, 236 NLRB No. 90 (1978).

The original application for enforcement was filed in this court on September 5, 1978. While the matter was pending in this court the Board made a motion for a remand for reconsideration in the light of *Hollywood Ceramics Co.*, 140 NLRB 221 (1962). In view of the fact that this case had originally been decided under the doctrine of *Shopping Kart Food Market, Inc.*, 228 NLRB 1211 (1977), which doctrine had been abandoned in *General Knit of California, Inc.*, 239 NLRB 619 (1978), where the Board reinstated the rule of *Hollywood Ceramics*, this court granted the motion to remand to the Board. Thereafter the Board entered its supplemental order reaffirming its earlier decision and order finding that the respondent had committed an unfair labor practice in refusing to bargain with the union. In this court the respondent contends that it was entitled to notice from the Board and an opportunity to file statements of its position on the issues involved in the remand.

Upon consideration of the briefs and the record on appeal, oral argument having been waived by agreement of the parties, the court concludes that the supplemental order of the Board should be enforced. The objections filed by the respondent did not require a hearing under this court's decision in *NLRB v. Tennessee Packers, Inc.*, 379 F.2d 172 (6th Cir.), *cert. denied*, 389 U.S. 958, 88 S.Ct. 338, 19 L.Ed.2d 364 (1967). The court can discern no prejudice to the respondent from a failure of the Board to permit it to file a statement with respect to the issues on remand. The issues to be considered on remand were the same as those upon the original submission to the Board and the respondent had argued these issues fully in its brief in opposition to the motion for summary judgment. This brief included an argument that the Board should return to its former rule of *Hollywood Ceramics*.

The supplemental order of the Board is hereby enforced.